35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip D. MORRISON, Plaintiff-Appellant,
v.
Fowler GOODOWENS and Margaret Jones, Defendants-Appellees.
 No. 93-6002.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1994.
 
 Before: KENNEDY and SILER, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Phillip D. Morrison appeals the District Court's grant of summary judgment in favor of defendants Fowler Goodowens and Margaret Jones in this diversity action for malicious prosecution. Plaintiff argues that the District Court erred in holding that defendants had probable cause to press charges against plaintiff for criminal trespass. Plaintiff also appeals the District Court's denial of his post-judgment motion for relief. Defendant Jones requests attorney fees alleging that plaintiff's appeal is frivolous. For the reasons stated below, we affirm the District Court's grant of summary judgment and decline to award attorney fees.
 
 I.
 
 2
 Plaintiff brought this action for malicious prosecution based on his arrest for criminal trespass at Swan Lake Golf Course in Clarksville, Tennessee. Swan Lake is a public golf course owned by the City of Clarksville in Montgomery County, Tennessee. At the time of the arrest, defendant Margaret Jones was the Administrative Assistant to the Director of Parks and Recreation for the City of Clarksville. Defendant Fowler Goodowens was the Superintendent for the Swan Lake Golf Course. On the date of the arrest, plaintiff was an annual member of the golf course. Jurisdiction is based on diversity of citizenship, defendants being residents of Tennessee and plaintiff being a resident of Kentucky.
 
 
 3
 Members of the public may play golf at Swan Lake either by paying a daily green fee or by purchasing an annual membership. Those with annual memberships may use privately-owned golf carts provided they pay a "trail fee" for the day. Although annual members do not pay a fee for each round of golf, course rules require that they obtain a player's ticket at no cost before each round which they must present to course officials before starting the round. The course rules also provide that violators of the rules may have their membership cancelled or suspended and they may be barred from the course.
 
 
 4
 On March 18, 1990, plaintiff came to the course and paid a trail fee at the Pro Shop for the use of his own cart. He then joined some friends on the course and played a round of eighteen holes. When the round was finished, he returned to the first hold and began another round without obtaining a ticket. Helen McNamee, a clerk in the Pro Shop, walked over to plaintiff and told him that he needed to obtain a ticket before playing another round. Plaintiff said that he didn't have to and proceeded to play. Morris Moss, the Course Marshal, advised plaintiff that he needed a ticket but plaintiff again refused.
 
 
 5
 Defendant Jones called defendant Goodowens to report the problem. Goodowens came to the Pro Shop and Jones explained that plaintiff refused to obtain a player's ticket to play. Goodowens went out on the course and confronted plaintiff about his failure to obtain a ticket. Plaintiff denied that he needed a ticket and drove away in his golf cart. Goodowens then told plaintiff that his privileges were suspended and that he had fifteen minutes to leave the course or the police would be called. Goodowens returned to the Pro Shop and told Jones of the situation. They decided to call the Clarksville police which Goodowens did.
 
 
 6
 Police Officer Brigitte Kennedy Papastathis and another officer arrived and went with Goodowens to where plaintiff was playing. Officer Papastathis, who tape-recorded the conversation, asked plaintiff why he would not comply with the course rules. Plaintiff said he had paid his membership and trail fee and was entitled to play. He said he was not leaving and that she should arrest him or leave him alone. Goodowens told plaintiff that he could get a ticket or leave the premises. Goodowens said that if plaintiff refused to leave voluntarily, he would have the officer escort him off the course. Officer Papastathis gave him another opportunity to comply. Plaintiff's position remained the same. The officer asked Goodowens to instruct plaintiff to leave. Goodowens did, plaintiff refused, and Papastathis arrested him for criminal trespass.
 
 
 7
 A preliminary hearing was held in the General Sessions Court of Montgomery County, Tennessee. The court determined that probable cause existed that plaintiff committed criminal trespass and the court submitted the case to a grand jury which indicted plaintiff. A jury trial was held in the Montgomery County Circuit Court. The jury acquitted plaintiff.
 
 
 8
 Plaintiff subsequently sued defendants for the intentional tort of malicious prosecution. Following discovery, defendants filed motions for summary judgment. The District Court granted the motions on the ground that it was undisputed that plaintiff was notified by course officials that he was in violation of course rules and was not permitted to remain on the premises. Thus, defendants had probable cause to have plaintiff arrested and cannot therefore be held liable for malicious prosecution. Plaintiff subsequently filed a motion to set aside the summary judgment order which the District Court denied. Plaintiff appeals both orders.
 
 II.
 
 9
 Plaintiff appeals the District Court's grant of summary judgment. We review a district court's grant of summary judgment de novo. Jones v. Tennessee Valley Auth., 948 F.2d 258, 261 (6th Cir.1991). Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Where, looking to the record as a whole, a reasonable mind could come to only one conclusion, there is no genuine issue of material fact and summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986).
 
 III.
 
 10
 Plaintiff appeals the District Court's holding that defendants had probable cause to have him arrested. In this diversity action we apply the law of Tennessee. Plaintiff sued defendants for the intentional tort of malicious prosecution. Tennessee law provides that, "[i]n order to establish the essential elements of malicious prosecution, a plaintiff must prove that (1) a prior suit or judicial proceeding was instituted without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's favor." Roberts v. Federal Express Corp., 842 S.W.2d 246, 247-48 (Tenn.1992). Concluding that there was probable cause to arrest plaintiff for criminal trespass, the District Court ruled in defendants' favor without addressing the other elements of plaintiff's cause of action.
 
 
 11
 The question of probable cause is an objective one. Probable cause exists where the facts and circumstances are sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime for which he was prosecuted. Roberts, 842 S.W.2d at 248. The subjective beliefs or intent of the defendant are unrelated to the question of probable cause but rather they bear on the question of whether a defendant acted with malice. Id. Under Tennessee law, probable cause is normally a jury question but, where reasonable minds could not differ, the question is properly decided by the court. See id. at 249.
 
 
 12
 The question then is whether an ordinarily prudent person in Goodowen's position would believe that plaintiff was guilty of criminal trespass.
 
 
 13
 A person commits criminal trespass who, knowing he does not have the owner's effective consent to do so, enters or remains on property, or a portion thereof. Knowledge that the person did not have the owner's effective consent may be inferred where notice against entering or remaining is given by ... [p]ersonal communication to the person by the owner or by someone with apparent authority to act for the owner....
 
 
 14
 Tenn.Code Ann. Sec. 39-14-405(a). Reviewing the evidence before the District Court on defendants' motions for summary judgment, we conclude that summary judgment was appropriate. It was undisputed that the golf course rules required plaintiff to obtain a ticket before each round of golf; that plaintiff was notified by persons having apparent authority to speak for the golf-course owner that plaintiff did not have consent to remain on the course unless he obtained a ticket; and that plaintiff refused to obtain a ticket and invited his arrest. Based on these facts, we agree with the District Court that a reasonable jury could only find that there was probable cause to believe that plaintiff committed criminal trespass.
 
 
 15
 In opposition to summary judgment, plaintiff points out that Goodowens admitted in deposition that he believed plaintiff was without a ticket because he had not paid his daily fee. Had he known plaintiff was in fact fully paid-up, Goodowens stated, he would not have had plaintiff arrested. Plaintiff contends that Goodowens would have known plaintiff was paid-up had he conducted a reasonable pre-prosecution investigation and that the court should therefore impute to Goodowens the knowledge that plaintiff was paid up. Assuming Goodowens knew plaintiff was paid-up, plaintiff argues, Goodowens did not have probable cause to believe plaintiff had not paid his fee and since that was the reason for plaintiff's arrest, Goodowens did not have probable cause to arrest plaintiff.
 
 
 16
 We disagree. Whether Goodowens knew or should have known that plaintiff was paid-up is immaterial. First, Goodowens' subjective belief is irrelevant to the objective determination of probable cause. Second, plaintiff was required to obtain a ticket regardless of his paid-up status. Goodowens confronted plaintiff at the direction of Jones, his superior. She determined that plaintiff was in violation of the course rule requiring golfers to obtain a ticket even if they were paid-up. Goodowens told plaintiff he needed a ticket and plaintiff refused to comply. Even if Goodowens was confused as to the reason plaintiff needed a ticket, there was still probable cause to arrest plaintiff for not having a ticket and refusing to obtain one when requested. Therefore, the District Court's grant of summary judgment in defendants' favor was not in error.
 
 IV.
 
 17
 Plaintiff also appeals the District Court's order denying plaintiff's motion for relief under Fed.R.Civ.P. 60. Plaintiff moved for relief on the ground that a dispute of fact existed as to whether the Swan Lake Golf Course really had a rule requiring paid-up golfers to obtain a ticket before each round. Plaintiff submitted affidavits of golf-course members who were unaware of the rule until after plaintiff's arrest. Plaintiff also cited the deposition testimony of Goodowens who said that he was unaware of the rule. The District Court denied the motion on the ground that the evidence was untimely. The court noted that plaintiff's Statement of Facts offered in opposition to summary judgment did not mention the existence of the rule as a disputed fact. The court also stated that plaintiff's evidence did not create an issue of fact because the ignorance of the rule on the part of Goodowens and some course members did not contradict the testimony of Jones and McNamee that there was such a rule.
 
 
 18
 We review a district court's denial of a motion for relief under an abuse of discretion standard. In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). Plaintiff had ample opportunity to present this evidence to the trial court before the court ruled on defendants' motions for summary judgment. In fact, plaintiff opposed defendants' motion to postpone the date of trial. Plaintiff provided no reason why this evidence was not available before the court granted summary judgment. We find no abuse of discretion in the District Court's refusal to set aside the summary judgment order.
 
 V.
 
 19
 Defendant Jones requests that this Court award her costs and attorney fees on the ground that plaintiff's appeal as it pertains to her is frivolous. Appellate courts have discretion to award damages, attorney fees, and single or double costs as a sanction for bringing a frivolous appeal. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1912. Plaintiff's lawsuit and appeal are frivolous because, Jones argues, plaintiff not only failed to present evidence of probable cause but he presented no evidence that defendants acted with malice and, specifically in regard to Jones, plaintiff presented no evidence that she initiated the arrest of plaintiff. Jones points out that plaintiff's motion for relief before the District Court did not mention Jones and that plaintiff's appellate brief only addresses Goodowens.
 
 
 20
 Although we think plaintiff's case is weak as to both defendants, it is not clear that plaintiff has abandoned his case against Jones by failing to address her position in his appeal. The District Court's summary judgment order expressly relied exclusively on the existence of probable cause and did not address whether plaintiff had presented sufficient evidence linking Jones to the arrest. The facts establishing probable cause that plaintiff committed criminal trespass center on Goodowens' interaction with plaintiff. By focusing on the probable cause issue on appeal, plaintiff addressed the basis of the District Court's summary judgment order as it pertained to both defendants. Although plaintiff did not discuss Jones in his appellate brief, his arguments concerning probable cause, if successful, could result in his suit being reinstated against both defendants. Therefore his arguments on appeal do not necessarily reflect an abandonment of his claim against Jones.
 
 
 21
 Nor do we find it frivolous to have named Jones as a defendant in the first place. With regard to whether Jones initiated the arrest, one of the elements of the alleged tort, she did tell Goodowens that plaintiff needed a ticket, asked Goodowens to approach plaintiff about it, and agreed with Goodowens that the police should be called. Thus, plaintiff's theory that Jones conspired with Goodowens was not without foundation.
 
 
 22
 The question remains whether it was frivolous to appeal the District Court's finding of probable cause. We think not. Goodowens said that he had plaintiff arrested because he was not paid-up and stated further that he would not have had plaintiff arrested had he known plaintiff was paid-up. Given Goodowens' confusion about the reason for plaintiff's arrest, plaintiff's position that his arrest was not supported by probable cause, although weak, was not wholly without foundation. We therefore decline to impose sanctions.
 
 VI.
 
 23
 For the reasons stated above, the District Court's order granting summary judgment in defendants' favor and the order denying plaintiff's motion for relief are AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation